## John W. Dana *v.* Sumner Sessions.

Payment since the commencement of the suit must be pleaded in bar of its further maintenance, otherwise it is admissible only in mitigation of damages.

Where a specification of a general count was ordered at the first term, but not filed until the trial at a subsequent term, and plaintiff had judgment for nominal damages, upon the ground that the debt had been paid since the suit was brought, it was *held* that plaintiff's costs were properly limited to the first term.

Assumpsit.   The declaration contained the general money counts including money had and received for $100.00.   Plea, general issue. David Meserve, the real plaintiff in interest, caused the action to be commenced and entered at the April Term, 1863, in this county, when Mr. Ray appeared in the case as attorney for defendant, and on his motion in behalf of defendant, a specification of plaintiff's claim was ordered to be filed in 30 days, and the action continued.   This motion had been renewed at every term since, but no specification was filed until this term.   Now, the plaintiff offers a note signed by defendant, dated July 22, 1862, payable to said Meserve and one Heywood, or bearer, for $13.08, on demand with interest.

It appeared in evidence that this note was the one originally sued in this action, and that when said Meserve left the original note with his attorney, Williams, for collection, he retained a copy, and afterwards, on the 27th day of April, 1865, caused another suit to be brought upon the copy in his own name against the defendant.   Said Meserve testified that he had forgotten he had left the original note with Williams, and that he supposed no action was pending on the note when he sued it the second time.   Williams was absent when the second suit was brought, and he procured Burns & Fletcher to make the writ.   The defendant's property was attached in the second suit, and subsequently his father called upon said Meserve and settled the same, paying debt and costs, and took the copy of the note from Meserve, supposing it to be the original note.   This settlement occurred July 3, 1865.

Defendant was absent in the army when both actions were commenced.   His wife lived with his father.   Defendant said he did not know of either suit until his return the past summer.

At this term, after the original note was filed, defendant moved to reject it, and also upon the foregoing facts appearing in testimony, defendant also moved that a verdict be ordered in his favor.   This the court declined to do.   The cause was then by consent taken from the jury.   The court accordingly ordered judgment for plaintiff for nominal damages, but limited costs to the first term.

The parties then agreed that the case be assigned to the Law Term in this district, and that such judgment be finally rendered in the case as the whole court should order.

*Williams*, for plaintiff.

*Ray*, for defendant.

BELLOWS, J.   The suit was brought to April Term, 1863, and on motion of defendant the plaintiff was ordered to file his specification in thirty days, and the order from time to time renewed, but not complied with, until November Term, 1865, when, under the count for money had and received, which was the only count, a note of the defendant for $13.08 was specified.

On trial upon the general issue, it appeared that this note was paid July 3, 1865, but, as this payment was not pleaded in bar of the further maintenance of the suit, as it should have been, it could not avail the defendant as a defense to the action.   *Pemigewasset Bank* v. *Brackett*, 4 N. H. 557 ; *Williams* v. *Tappan*, 23 N. H. 385.   We, however, think it may avail the defendant in mitigation of damages as suggested in the cases cited, the same as partial payments made since the suit and endorsed on a note, or the return and acceptance of goods in whole or in part, after an action of trover was commenced.   So a discharge or release after suit has been received in mitigation of damages, though not pleaded.   *Abbot* v. *Chapman*, 2 Lev. 81 ; *Beckford* v. *Clarke*, 1 Sid. 236 ; see note to *Watson* v. *Christie*, 2 B. & P. 224, 225.

In *Lincoln* v. *Bassett*, 23 Pick. 154, it is held, per *Shaw, C. J.*, that any payments made since the commencement of the suit, even up to the day of the trial, may be given in evidence to reduce the damages.

The judgment, then, for nominal damages, was properly ordered, and we are satisfied with the direction as to the limitation of costs ; that is, that the plaintiff take only the costs of the first term.

*Judgment for plaintiff.*